IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ANTHONY PETERSIMES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-3220-N-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Petitioner Mark Anthony Petersimes's Motion to Stay Proceedings [Dkt. No. 29] should be denied.

**Applicable Background**

Petitioner was convicted of a third degree felony violation of his civil commitment as a sexually violent predator under Section 841.085 of the Texas Health and Safety Code. *See Petersimes v. State*, No. 05-10-00227-CR, 2011 WL 2816725 (Tex. App. – Dallas July 19, 2011, pet ref'd). His application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Dkt. No. 3], as amended, *see* Dkt. Nos. 12 & 14, presents some 20 claims for relief. Some of those claims concern Texas Health and Safety Code

Section 841 ("Section 841") – including that it violates due process, that it is void for vagueness, that it constitutes cruel and unusual punishment, that it violates the Fifth Amendment right against self-incrimination, and that it violates the constitutional prohibition against double jeopardy, *see* Dkt. Nos. 3 & 4. The parties have completed briefing as to the habeas application.

Petitioner has now filed a motion [Dkt. No. 29] in which he asserts that Section 841 recently was amended, effective September 1, 2015, and requests that this Court stay this proceeding "so that he might revisit the lower State court to address the new changes in [Section 841] to determine whether or not those changes are substantive and what the impact may mean on [him] and his cause of action," *id.* at 11.

## Legal Standards

Since the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts have recognized a limited stay-and-abeyance doctrine in Section 2254 cases applicable to claims in a Section 2254 petition that a petitioner failed to exhaust in state court:

> Federal district courts may not adjudicate mixed petitions for habeas corpus containing both unexhausted and exhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). For many years, federal courts dismissed such petitions without prejudice under *Rose*, but the introduction of the one-year statute of limitations under AEDPA made such dismissals effectively final. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Because the filing of a federal habeas petition does not toll the statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), a petitioner returning to state court to pursue unexhausted claims contained in a mixed petition is unlikely to be able to do so and return to federal court before the statute of limitations runs. *See Rhines*, 544 U.S. at 275.

*United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1042-43 (N.D. Ill. 2008).

"When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines*, 544 U.S. at 277-78). But, "[b]ecause a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" *Id.* (quoting *Rhines*, 544 U.S. at 277); *see also Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."))).

## Analysis

Here, Petitioner does not seek a stay for the limited purpose of exhausting a claim in state court. Instead, the stay he seeks is to allow him to go back to state court to further develop the record as to the conviction he has already challenged on direct appeal and through habeas review in the state courts and which is now before this court for limited federal habeas review under Section 2254.

That federal statute creates a "highly deferential standard for evaluating state

court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Furthermore, and contrary to the reason Petitioner asserts for requesting a stay, under Section 2254, a federal court cannot expand the record on a claim adjudicated on the merits in state court. *See Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1398 (2011). That is, "review under § 2254(d)(1)" – to determine whether a state court unreasonably applied clearly established federal law – "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. Because Section 2254 "requires an examination of the state-court decision at the time it was made," the Supreme Court has held that "the record under review is limited to the record in existence at that same time i.e., the record before the state court." *Id.*; *see also Gallow v. Cooper*, 505 F. App'x 285, 295-96 (5th Cir. 2012) (per curiam) ("Similarly, the language of § 2254(d)(2) limits review to the 'evidence presented in the State court proceeding.'" (footnote omitted)).

To the extent allowed under applicable state law, Petitioner may pursue relief in the state courts related to the amendment of Section 841. But any such pursuit he may undertake is independent from the narrow issue before this Court – review of "the record in existence ... before the state court." *Cullen*, 131 S. Ct. at 1398. Accordingly, a stay of the federal habeas proceeding is not justified, and Petitioner's motion should be denied.

## Recommendation

The Court should deny Petitioner's Motion to Stay Proceedings [Dkt. No. 29].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 15, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE